FILED ____ LODGED
____ RECEIVED ____ COPY

FEB 1 8 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

Terrance and Yvonne Cornel
3408 Clarks Creek Rd.
Banner Elk N.C. 28604

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE:
CIVLRS4

(Rule Number/Section)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

TERRANCE and YVONNE                :    CASE NUMBER 2:13-cv-00645=BSB
CORNELIS:                          :

                    Plaintiff      :

    -against-                      :
                                   :
                                   :
                                   :    **SECOND AMENDED**
                                   :    **COMPLAINT**
B&J Smith Associates               :
LLC (an Arizona Limited            :
Partnership) B&J Smith             :
Incorporated (An Arizona           :
Corporation) Barry M.              :
Smith, Lynette B.                  :
Walbom, Julia P. Smith, Et Al      :
                                   :
                                   :
                                   :
                                   :
                    Defendants.    :


The Plaintiffs, Terrance J. Cornelis and Yvonne Cornelis (collectively "Cornelis"),

Represented Pro Se hereby sues Defendant, B&J Smith Associates, Limited

Partnership, an Arizona Limited Partnership, whose general partner is B&J Smith

Investments Inc., an Arizona Corporation, whose listed officers are Lynette B. Walbom

And Barry Morgan Smith, along with Julia P. Smith, Et Al, and states as follows:

## PARTIES AND VENUE

1.     Terrance J. Cornelis and Yvonne Cornelis are citizens residing in
Banner Elk, N. Carolina, (both hereinafter "Cornelis"). Terrance and Yvonne
Cornelis were shareholders of Cornelis Enterprises its principal place of business was
located in New Smyrna Beach, Florida where Cornelis operated an Eatza Pizza Buffet
franchise under Eatza Pizza Inc. with a stipulated clause that required all legal
disputes to be filed in Maricopa County Arizona.

2.     B&J Smith Associates LLC and B&J Smith Investments Inc., are both
Arizona Corporations with their principal places of business in Paradise Valley, Arizona
and Mesa, Arizona respectively. Lynette B Walbom and Barry M Smith are
both listed as corporate officers with Julia P. Smith, Et Al.

3.     B&J Smith Associates LLC. And B&J Smith Investments Inc. own Eatza
Pizza Inc. and in March 2007 they sold Eatza Pizza Inc. to International Franchise
Associates. International Franchise Associates filed for bankruptcy on August 4, 2008.

4.     Eatza Pizza Inc., retains all rights and obligations of franchiser under the
terms of the Asset Purchase agreement dated March 2007

5.     Based on the parties relationship and the  adhesive nature of the
agreements between the parties, Plaintiff's Cornelis placed special trust, confidence
and reliance on the individual and corporate Defendants.

6.     The spouse of the individual Defendant Barry Smith is named
as a party who may be liable to the Plaintiff's if that person is liable under legal
principles of marital community or marital entirety which may be applicable to the
spouse when the true circumstances of their residence and domicile have been

2

discovered or disclosed after this complaint is served upon the spouse her respective community or entirety estate.

7.   At all times material to this complaint the Plaintiff's allege on information and belief, that each truly named individual Defendant named herein who was then married, on information and belief, was acting on behalf of marital entirety or marital community with respect to the acts complained of herein. The fictiously named spouse of each individual Defendant is a proper party to this action by virtue of his or her marital entirety interest or marital community property, or individual interest in any real or personal property that is the earnings or proceeds of such spouse, on information and belief, otherwise has an interest in any property that may be subject to restitution, damages or other equitable remedy pursuant to A.R.S. 25-215.to A.R.S. 44-2003, et seq., that is applicable.

8.   The District Court of Arizona has and it may exercise jurisdiction over each of the corporate and individual Defendants because each of the corporate and individual Defendants availed itself or himself, respectively of Arizona law and caused events, damages and losses to occur to Plaintiff's, by contract subject to Arizona law, that resulted from acts done by one or more, or all Defendants who acted in concert or jointly, or as part of a conspiracy to defraud the Plaintiff's by their breaches of contract. Whenever in this complaint reference is made to any act of a Defendant or Defendants, such allegations unless otherwise specified, shall be deemed to mean that each Defendant, acting individually, jointly, and severally, did each such or is accountable for it pursuant to principles of joint and several liability and proportionate liability

9.    Jurisdiction and venue are proper based on Arizona procedural and substantive law. On the grounds that Defendants "caused an event to occur in [Arizona] out of which the claim, which is the subject of the complaint arose. Arizona Long Arm Statute, Ariz. Civ. P. 4.2 and 28 U.S.Code. 1332

## BACKGROUND

10.    October 24, 2006, Cornelis entered into a Restaurant Franchise Agreement with Eatza Pizza Inc. a Dissolved Arizona Corporation being wholly owned by B&J Smith Associates LLC, and B&J Smith Investments Inc., for the purpose of opening an Eatza Pizza restaurant in New Smyrna Beach, FL. Agreement was executed according to the laws of Maricopa County, Arizona page 48, last paragraph. A true and accurate copy of this Franchise agreement is attached as Exhibit A.

11.    Eatza Pizza Inc. schemed to transfer all of the company equipment and rights to future royalties from existing and future franchises to an undercapitalized corporation for the purpose of avoiding their contractual obligations to its franchisees.

12.    International Franchise Associates Inc. a Delaware Corporation that had its principal place of business in Westport, Connecticut hereinafter referred to as I. F. A. Eatza Pizza Inc., hereinafter referred to as E.P. received as their only compensation a promissory note to come due two years later. Stanley Wolfson and Martin Licht along with Bruce Major were the original, "investors" that approached E.P. initially about opening an Eatza Pizza restaurant in New York City. They were not impressed with Ron Cordova, franchise sales representative for E.P. Barry Smith named his friend and business associate John Earl as executive Director of E. P. Mr. Earl telephoned Steve Beldon the then named CEO of E.P. and instructed him to do nothing without his

4

approval. Mr. Earl flew to New York and met with Stanley Wolfson, Martin Licht and
Bruce Major and a deal, for not one restaurant, but rather the whole franchise company
was initiated.

    13.   Stanley Wolfson was given the keys to the storage units
by Lynette Walbom and immediately took possession of $500,000 worth of restaurant
equipment that E. P. held at a storage facility in Scottsdale, Arizona. This equipment was
all of the furniture, kitchen supplies and cooking appliances as well as a Ford delivery
service van for the five company stores that E.P. secretly closed.  Stanley Wolfson
never became a shareholder in I. F. A. and later sued Martin Licht and Bruce Major
in New York Federal Court for shares in I.F.A.  Bruce Major and Martin Licht
counterclaimed for the restaurant equipment and argued that Stanley Wolfson didn't
bring enough to the table to justify shares in I. F. A.  E. P. never requested the return
of the equipment.

    14.   There also were transferred an undisclosed amount from E. P.'s
Creative/Marketing Fund. These and other facts are revealed in the Asset Purchase
Agreement dated March 2007. Steve Belden was the CEO of Eatza Pizza Inc., at this
time, and never was consulted about this sale between Barry Smith, Lynette Walbom and
I.F.A. See exhibit B.

    15.   I.F.A. made claims to the franchisees that they were in the process of
opening their own company store in New York city and developing a testing and
research kitchen to improve the product line. They made many claims of possessing
vast amounts of restaurant experience.

    16.   All potential franchisors were required to submit a background affidavit

about our restaurant experience and a certified C.P.A. statement as to our net worth.
Martin Licht and Bruce Major did neither. The requirement for the financial disclosure
was crossed out at the time the Asset Agreement was signed and agreed to by Lynette
Walbom.

   17.  Plaintiffs own investigation into these "investors" background: I went
to Pacer and looked up each individual through the New York lower courts and here are
some of the results. Martin Licht filed for bankruptcy in 1994. There are numerous civil
complaints that name him a defendant. One for violation of the Securities Exchange Act,
another for diversity Breach of Contract. Numerous claims that were settled. A Google
search had brought up several cases reported by Justia for Fraud and Breach of Fiduciary
responsibility. Bruce Major shows cases filed against him include violations of Fair
Labor Standards Act, Civil Rights Act, Diversity Motor Vehicle product liability.
Stanley Wolfson filed for bankruptcy in 1998 and 2004. Cases filed against him include
Trademark Infringement, Racketeering (RICO) Act, and Notice of appeal to bankruptcy
matter. This quick and free checkup of these men indicates either Barry Smith and
Lynette Walbom and John Earl were unconcerned with whom they dealt with or
just didn't care.

   18.  Chris Endres and Peter Taddeo, are shareholders of CEPTS5
an Indiana corporation owned and operated an Eatza Pizza restaurant in
Muncie, Indiana. whereas CEPT5 filed suit in St Joseph County later moved
to United States District Court Northern District of Indiana South Bend Division
No. CV 213. Exhibit C., The short version of CEPTS5 complaint was that I.F.A.

breached their franchise agreement and failed in their responsibilities of franchiser.

19.    <u>Sometime June, 2008 Chris Endres sent Cornelis a copy of the Asset</u>

<u>Purchase Agreement March, 2007, between Barry M Smith, Lynette Walbom and</u>

<u>International Franchise Associates Inc. having been obtained through discovery by</u>

<u>CEPTS5.</u>

20.    On July 29, 2008 the United States District Court found in

favor of CEPTS5 and awarded treble damages. See Exhibit D.

21.    On August 4, 2008, I.F.A. filed for Bankruptcy with the Superior

Court Judicial District of Stamford / Norwalk, Exhibit E. The finding in favor

of CEPTS5 complaint and I.F.A., immediately filing for bankruptcy establishes

the fact that I.F.A. was a undercapitalized "shell" corporation formed to avoid its or

E. P's contractual obligations.

22.    E.P. retains all rights and obligations of franchiser under the terms

of the Asset Purchase Agreement, between E.P. and I.F.A. dated March 2007.

See Exhibit B.

23.    The defects of the Franchise Offering Circular issued October 11, 2006

is explained in detail in both Schedule 15 Organization and good standing 011907.doc

3/19/2007 10:43:09 A. M., E.P. herein states that as of October 11, 2006 "Eatza

Pizza is currently unable to sell franchises in any state." E.P. signed a franchise

Agreement with Cornelis October 26, 2006.

24.    Once again in Sch 18- disclosure documents 031907 Doc 3/19/2007

10:43:30 A. M. "Seller acknowledges no disclosures were made with intent to sell,

change of financial condition, litigation, ownership of locations." These and other

disclosures are part of the Asset Purchase Agreement by and between Eatza Pizza Inc. an Arizona corporation and International Franchise Associates Inc. a Delaware corporation. A true and accurate copy is attached as Exhibit B.

25.   In the Asset Purchase Agreement page 7  I.F.A asset purchase agreement 03,2007 155pm.doc 4.6 Franchise Matters Eatza Pizza Inc. represents to I.F.A. that all disclosures have been met in accordance with F.T.C. regulations.

26.   In the Asset Purchase Agreement, Sch 26- Material Changes 031907 .doc 3/19/2007 10:54:30 A.M. There is information given here as to the extent of the business failure that E. P. experienced in the year 2006. An aggregate loss of $10 million dollars for the company stores. "E. P. is working with its creditors toward settlement, in an effort to avoid proceeding under Chapter 7 of the bankruptcy code". This specific information was withheld from Cornelis to their detriment. See Exhibit B.

27.   Schedule 2 of the Asset Purchase Agreement, Non-Compete Agreements were signed by Barry M. Smith, Lynette B. Walbom, and John W. Earl.

28.   E.P.'s wrongful course of conduct has been widespread in its Eatza Pizza franchisees. Of the 42 independent restaurants opened at the time Cornelis was induced to enter into the franchise agreement, forty-two have closed due to inability of E.P. to comply with their franchiser obligations.

29.  In the Franchise Offering Circular, E. P. claimed to have developed a successful business plan along with a distinctive restaurant design and food items for which it employed identifying restaurant layout and design features, including

<u>8</u>

signage. See exhibit F

30. E. P. claimed to have developed distinctive and special equipment, recipes, food preparation methods, and food products that could be used by the franchisee, and that its restaurant system featured the highest standards of management training, supervision, merchandising, and quality food products.

31.    Induced by these and other misrepresentations by E.P. Cornelis paid franchise fees in the amount of $55,000, leased business space and otherwise prepared to open an Eatza Pizza restaurant, investing capital and effort to make the restaurant a successful enterprise. Cornelis invested a total of $1,100,000.

32. E. P. and subsequently I.F.A. failed in every way to provide Cornelis with neither the training, support or, viable business plan to help Cornelis to develop a profitable restaurant along with other acts of bad faith.

33. Cornelis has had to cease the operations of their Eatza Pizza store due to over whelming losses and continues to be damaged as a result of E.P.'s contractual breaches, deceptive acts, frauds, and wrongful practices.

34. Cornelis filed suit against Eatza Pizza Inc. on April 24, 2009 in the Circuit County Court in and for Volusia County Florida. Case number 2009 31822 CICI. See exhibit G.

35. Notice of Removal was received on June 12, 2009 to the United States District Court Middle District of Florida Orlando Division case number 6:09-cv-985-orl 28GJK

36. The case was then transferred to United States District Court for the District of Arizona case number 2:10-cv-01589 MHM.

9

37. March 25, 2011 United States District Judge Timothy Burgess granted Cornelis' Motion for Default Judgment $2,840,943 which includes treble damages. See exhibit H.

38. At all times the principal officers of B&J Smith Associates LLC. and their general partner B&J Smith Investments, in the person of Lynette Walbom and Barry M. Smith were in complete and daily control of the direction and operations of Eatza Pizza Inc.

# COUNT I
## DIVERSITY- BREACH OF WRITTEN CONTRACT

39.   Cornelis incorporates the allegations in paragraphs 1 through 38 as though fully set forth herein and prayers for relief.

40.   Plaintiffs  are informed and believe and thereon allege that the individual and corporate Defendants acted in concert with each other, intended to and did participate in the events, acts, practices and course of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff's as alleged herein.

41.   Barry M Smith and Lynette Walbom, B&J Smith Investments Inc., through their general partner B&J Smith Associates LLC while in total control of Eatza  Pizza has engaged in deceptive acts and practices, including selling Cornelis a franchise when, by their own admission, in the Asset Purchase Agreement, they were not in compliance with Federal Trade Commission Rules and Regulations.  This is a violation of the Federal Trade Commission Act 15 U.S.Code Section 45 (a) (1) and has caused Cornelis compensatory damages.

42..     Barry M Smith and Lynette Walbom did use Steve Belden the officially named CEO of Eatza Pizza to sign on their behalf a franchise agreement with Cornelis, while lacking legal capacity and therefore commit contract fraud against Cornelis.

43.     The individual Defendants and corporate Defendants while in total ownership and control of Eatza Pizza Inc. did employ a scheme and artifice to defraud Cornelis and otherwise left out intentionally material facts from the October 11, 2006 Franchise Offering Circular.  Herein but not limited to seller's intention to sell certain of its assets, changes in litigation, locations owned, changes in franchisees, or changes in financial position of seller.

44.     The individual Defendants along with the corporate Defendant, through their subsidiaries further misrepresented material facts in both the March 28, 2005 through the October 11, 2006 Franchise Offering Circular herein but not limited to cost of opening and developing an Eatza Pizza restaurant, cost of first year operating and advertising expense. Claims to have distinctive and identifying recipes, food preparation methods, and food products, including, pizza sauce, and or cheeses, when in fact E. P. knew that it did not.

45.     The intentional failure of Barry M. Smith and Lynette Walbom, B&J Smith Investments through their subsidiaries to provide disclosure of material changes and to misrepresent facts pertinent to the operation of an Eatza Pizza restaurant is in violation of U.S.Code Section 45 (a) (1) and is unlawful.

46.     The violation by the individual Defendants and the corporate Defendants constitutes many breaches of contract to include acts of bad faith, fraud, and incapacity to lawfully enter into a contract for the purpose of establishing a franchise relationship.

<u>11</u>

Cornelis has suffered damages that are recoverable under A.R.S. Sec 12-548.

47.   Barry M. Smith and Lynette Walbom, B&J Smith Investments Inc. through their partners and subsidiaries engagement in deceptive practices has violated the public and legal policy of the State of Arizona, the Arizona Consumer Fraud Act, and caused Cornelis compensatory and other losses.

48.   The individual Defendants along with the corporate Defendants breached the franchise agreement with the Plaintiff's by, among other things;

a)  Failure to provide a comprehensive system for the operation of the franchise.

b)  Failure to provide adequate and valuable expertise in running the franchise.

c)  Failure to provide adequate design services for the site

49.   Individual Defendants along with the corporate Defendants breach of the franchise agreement was substantial in causing the Plaintiff's damages in amounts to be proven at trial.


## Alter Ego

50.   The individual Defendants are the sole officers and shareholders of the corporate Defendants. The individual Defendants absolutely controlled and dominated the corporate Defendants.

51.   The individual Smith upon information and belief did without advance warning did summarily fire the then named C.E.O. of Eatza Pizza Inc. and the subsequently later that day asked Steve Belden to take the position.

52.   Upon information and belief and thereon allege that Steve Belden acting

in the capacity of C.E.O. of Eatza Pizza Inc., was under the direct control of the individual Defendants, and was summarily discharged in the same manner as his predecessor along with all of the remaining staff before Christmas 2006.

53.   According to Schedule 24 titled litigation as part of the asset purchase agreement between Eatza Pizza Inc. and International Franchise Associates Inc. The individual Defendants report lawsuits against Eatza Pizza for lost rent and food vendors dating from June 26, 2006 to February 26, 2007. Upon information and belief individual Defendants along with corporate defendants secretly negotiated settlements of debt for pennies on the dollar through separate council other than through E. P. in order to maintain secrecy.

54.   According to Schedule 26 titled Eatza Pizza Material Changes third paragraph. "In January, E.P. temporarily suspended the receiving of fees to it's marketing fund and temporarily suspended royalties, as it believed it was unable to adequately service its franchisees."  Upon information and belief this was done because there was absolutely no staff left at corporate headquarters and to placate nervous franchisees.

55.   Again Schedule 26 titled Eatza Pizza Material Changes fifth paragraph "Eatza Pizza has substantial unpaid obligations which it does not have the resources to pay. Excluding the assets which are the subject of this agreement, E.P. has very limited assets which it can sell to satisfy these obligations. E. P. is working with its creditors toward a settlement, in an effort to avoid a proceeding under Chapter 7 of the bankruptcy code". This was the approach that the individual Defenbants with the corporate Defendants used with all of the creditors, even though they still owned

13

four restaurants.

56.  The individual Defendants and the corporate Defendants upon information and belief the Plaintiff's hereby allege that they did give to Stanley Wolfson all of the equipment listed in Schedule 3 and 4 of the Asset purchase agreement without compensation.

57.  Upon information and belief the individual Defendants along with the corporate Defendants did dispose of all of the furniture along with all of the office equipment located at E.P. corporate offices located 4800 N. Scottsdale Rd. Suite 2600 Scottsdale AZ. 85251. for their own benefit and pleasure.

58.  Exhibit A titled Confidentiality, Non-disclosure and Non-compete Agreement. which is part of the Asset purchase agreement between E.P. and I.F.A. Under Agreement 1. a)  "The undersigned agrees not to disclose, duplicate, sell, reveal, divulge, publish, furnish or communicate, either directly or indirectly, any confidential information to any other person, firm or entity for thirty-six (36) months after the closing date of the Asset Purchase Agreement."

Exhibit A continued page 2 fifth line down "Notwithstanding the foregoing, E.P.principles may operate and/or sell the 4-remaining Seller owned restaurants of E.P., so long as any sale to third parties and such purchase is required to de-identify the restaurant as an Eatza Pizza franchise."

Exhibit A continued page 3, 4). Irreparable Harm to Company a) The undersigned understands and agrees that company will suffer irreparable injury not capable of precise measurement in monetary damages if it discloses or misuses any Confidential Information, or if undersigned breaches the

14

covenants set forth in this Agreement."

59.   An excerpt from the Asset Purchase Agreement between E.P. and I.F.A. dated Mar, 2007 page 13 5.4) "Buyer's opening Balance sheet at the moment following the close of the transaction contemplated herein accurately reflects at least $900,000.00 in both net worth and/or liquid securities according to generally accepted accounting practices."  On information and belief Plaintiff's allege that I.F.A. never produced an accounting of any sort for E.P.

60.   Option Agreement dated Mar 20, 2007 Properly executed by Bruce Major President of I.F.A. This document is the promise by I.F.A. to sell shares of I.F.A. to the individual Defendants for a set price and number of shares. This agreement is described as legally binding upon the parties and even though Bruce Major executed properly Lynette Walbom signed as an individual not identifying her office or connection to Eatza Pizza. Above her signature are the words: I hereby acknowledge a receipt of a copy of the foregoing option and, read it hereby signify my understanding of, and my agreement to be legally bound by, its terms and conditions.

61.   The individual Defendants have misused their absolute control and domination of the corporate Defendants to direct the corporate Defendant as an instrumentality and tool of the individual Defendants with regard to the individual Defendants design to commit acts of fraud and deceit directed at the Plaintiff's.

62.   The individual Defendant upon information and belief, systematically abused the corporate privilege with respect to corporate defendants by means of the following acts:

15

A)  Treating the assets of the corporate Defendant as his own and withdrawing funds at will.

B)  Providing inadequate capitalization while actively participating in the conduct of the affairs of the corporate Defendant.

C)  Failure to properly reflect the corporate status of the corporate Defendant in communication and/or purchase and sale documents.

D)  Commingling of funds.

E)  The diversion of corporate assets of the corporate defendant to other than corporate uses.

F)  The treatment by the individual Defendant of assets of the corporate Defendant as his own.

G)  Failure to keep adequate corporation records, both financial and organizational; and or

H)  The use of the corporate Defendant as a subterfuge for illegal transactions masterminded by the individual Defendants.

63.   upholding the corporate veil would protect fraud and permit other injustice. Justice Douglas describes that piercing the corporate veil "is an extradinary remedy which exists as a last resort, where there is no other adequate and available remedy to repair the Plaintiff's injury. Amfac Foods Inc. v Int'l Systems & Controls Corp., 294 OR. 94,654 P2d 1092 (1982).


# WHEREFORE

Cornelis requests judgment and all relief to which they are entitled in their favor and

against B&J Smith Investments Inc., B&J Smith Associates LLC. Lynette B.Walbom, and spouse if any, Barry M. Smith, Julia P. Smith an award of one million one hundred thousand dollars all compensatory and pecuniary damages as trebled, equitable relief, as well as attorney's fees, costs, and all other just and proper relief.

RESPECTFULLY SUBMITTED,

**TERRANCE J. CORNELIS**
**ACTING PRO SE**

**PLAINTIFFS**

Terrance J. Cornelis          and          Yvonne Cornelis

By

Terrance J. Cornelis                         Yvonne Cornelis
3408 Clarks Creek Rd                        3408 Clarks Creek Rd
Banner Elk, N. Carolina 28604               Banner Elk, N. Carolina 28604
Tel No 828-260-0758                         Tel No 828 406-5662
E-Mail tcornelis@aol.com                    E-Mail ycornelis@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON Feb. 10, 2014 I served the attached document by first class United States Mail, postage prepaid, and by electronic mail because Cornelis is not registered participants of the CM/ECF System.

Goodman Law PLLC
P.O. Box 90758
Phoenix, Arizona 85066
Telephone (602) 476-1114
Facsimile (602) 218-5024
Jeremy M. Goodman

17