1 | Goodman Law PLLC
PO Box 90758
2 | Phoenix, AZ  85066
Telephone:  (602) 476-1114
3 | Facsimile:  (602) 218-5024
Jeremy M. Goodman—025859
4 | jeremy@goodmanlawpllc.com
Ted F. Stokes—030575
5 | ted@goodmanlawpllc.com

6 | Attorneys for Defendants

7 |

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 10 Terrance and Yvonne Cornelis, | Case Number:  2:13-cv-00645-BSB |
| 11       Plaintiffs, | |
| 12       vs. | DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT |
| 13 B&J Smith Associates, Limited Partnership, an Arizona limited partnership; B&J Smith | |
| 14 Investments, Inc., an Arizona Corporation; Barry M. Smith; Lynette B. Walbom; and | (Oral Argument Requested) |
| 15 Julia P. Smith, | |
| 16       Defendants. | |

17 |

18 |      Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendants B&J Smith Associates,

19 | Limited Partnership, an Arizona limited partnership; B&J Smith Investments, Inc., an

20 | Arizona Corporation; Barry M. Smith, Julia P. Smith, and Lynette B. Walbom

21 | (collectively, the "Defendants") move to dismiss the Second Amended Complaint filed

22 | on February 18, 2014 (the "Plaintiffs' Second Amended Complaint"), by Plaintiffs

1  Terrance J. Cornelis and Yvonne Cornelis (collectively, the "Plaintiffs").  The

2  Plaintiffs' Second Amended Complaint fails to state any cognizable claim upon which

3  relief can be granted.  The grounds for this motion are more fully set forth in the

4  accompanying memorandum of points and authorities.

5          Respectfully submitted March 11, 2014.

6                                                              Goodman Law PLLC

7

8                                                   By */s/ Jeremy M. Goodman—025859*
                                                          Jeremy M. Goodman
9                                                         Ted F. Stokes
                                                          Attorneys for Defendants

10

11                       MEMORANDUM OF POINTS AND AUTHORITIES

12          I.          Procedural Background

13          Plaintiffs filed their original complaint on April 1, 2013 (the "Original

14  Complaint").  (Doc. 1.)  Defendants subsequently filed a motion to dismiss for failure to

15  state a claim on May 15, 2013 (the "First Motion to Dismiss").  (Doc. 10.)  On May 24,

16  2013, exercising their right under Rule 15(a)(1), Plaintiffs filed an amended complaint

17  as a matter of course (the "First Amended Complaint"). (Doc. 15.)  The Court dismissed

18  Defendants' First Motion to Dismiss as moot because Plaintiffs' First Amended

19  Complaint nullified any previous complaint; and therefore, nullified any motion

20  pertaining to that complaint.  (Doc. 18.)

21          On July 13, 2013, Defendants filed a motion to dismiss the First Amended

22  Complaint for failure to state a claim upon which relief can be granted (the "Second

2

1   Motion to Dismiss").  (Doc. 19.)  Plaintiffs then attempted to file another amended

2   complaint as a matter of course on July 29, 2013 so as to defeat the Second Motion to

3   Dismiss by mootness.  (Doc. 22-23.)  The Court ordered the Clerk to strike said

4   complaint because Plaintiffs did not move under Rule 15(a)(2) for leave from the Court.

5   (Doc. 22-23.)  On August 9, 2013, Plaintiffs filed a motion for leave to amend the First

6   Amended Complaint.  (Doc. 26.)  In a December 20, 2013 order, the Court granted in

7   part and denied in part Plaintiffs' motion to amend; and therefore, denied Defendants'

8   Second Motion to Dismiss as moot (the "Order Granting Leave to Amend"). (Doc. 31.)

9       In the Order Granting Leave to Amend, the Court meticulously instructed the

10  Plaintiff how to make multiple changes to the proposed amended complaint because, as

11  written, it was futile and failed to state a claim.  The Court explained in great detail and

12  eloquence exactly what the Plaintiff needed to do to properly amend the complaint.

13      Plaintiffs' Second Amended Complaint was filed on February 18, 2014. (Doc.

14  32.)  The Plaintiffs' Second Amended Complaint almost entirely ignored the Court's

15  careful instructions in the Order Granting Leave to Amend.

16      II.      Factual Background

17      Plaintiffs entered into a franchise agreement with Eatza Pizza, Inc.  Pls.' 2nd

18  Am. Compl. 10.  Plaintiffs previously filed suit against Eatza Pizza, Inc. on April 24,

19  2009, claiming that Eatza Pizza, Inc. committed fraud against the Plaintiffs and

20  claiming that Eatza Pizza, Inc. violated various laws intended to protect Plaintiffs.  Pls.'

21  2nd Am. Compl. 34.  That former lawsuit was resolved by default judgment against

22  Eatza Pizza, Inc., and in favor of the Plaintiffs.  Pls.' 2nd Am. Compl. 37.  Now, over

3

1   three years later, Plaintiffs have chosen to sue these Defendants regarding the exact

2   same set of circumstances and alleging identical and/or nearly identical causes of action.

3          The Court should dismiss the Plaintiffs' Second Amended Complaint.  The

4   Defendants deny each and every one of the allegations of wrongdoing in the Plaintiffs'

5   Second Amended Complaint.  However, even assuming, *arguendo*, that the claims were

6   true, the Plaintiffs' Second Amended Complaint still does not state any cognizable

7   claims upon which relief can be granted.  In every instance, the claims asserted by

8   Plaintiffs are those to which no private right of action exists and/or are time barred by

9   the applicable statute of limitations.  Further, the Plaintiffs rest their claims on rote

10  conclusions and stock generalizations—ignoring entirely the fundamental requirement

11  in matters of alter ego that they plead specific facts showing that they have plausible

12  claims for relief.

13         III.    Standard of Review

14         Rule 12(b)(6) requires Plaintiffs to allege facts which, if true, would provide

15  adequate grounds for relief; "formulaic recitation of the elements of a cause of action"

16  will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiffs must

17  "at a minimum, set forth factual allegations sufficient 'to raise a right to relief above the

18  speculative level.'" *Fitzgerald v. Infinia Healthcare, Inc.*, No. 2:08-cv-00015-PHX-

19  JAT, 2008 WL 1808503, at *1 (D. Ariz. April 21, 2008)(Teilborg, J.)(citation omitted).

20  This means a plaintiff must allege "enough facts to state a claim to relief that is

21  plausible on its face, not just conceivable." *Boustila v. Scottsdale Unified Sch. Dist. No.*

22  *48*, 2:08-cv-00677-PHX-JAT, 2008 WL 5134694, at *2 (D. Ariz. Dec. 5,

1   2008)(Teilborg, J.)(citation omitted).  "[U]nreasonable inferences" and "conclusory

2   legal allegations" cannot be accepted.  *Isenberg v. ETS Servs., LLC*, 589 F. Supp. 2d

3   1193, 1198 (C.D. Cal. 2008).

4         IV.    <u>Argument</u>

5         As previous mentioned, in the Order Granting Leave to Amend, the Court laid

6   out detailed instructions for the Plaintiffs to follow in order to cure the deficiencies of

7   its proposed amended complaint.  The Court stated that "Plaintiffs' amended pleading

8   must cure the deficiencies identified in this Order."  (Doc. 32 p. 8:1-2.)  In order to cure

9   the deficiencies the Court stated that the proposed complaint must be amended to:

10      1.  Cure the deficiency as to the statute of limitations;

11      2.  State a claim for breach of contract, based on alter ego liability against the

12         Business Entity Defendants; and

13      3.  State a claim for breach of contract, based on alter ego liability against the

14         Individual Defendants.

15         With regards to 1 above, the Court demanded that the Plaintiffs "identify the

16   conduct that constituted the alleged breach of Franchise Agreement, the date on which

17   that conduct occurred, or the date on which they discovered, through the exercise of due

18   diligence, that such conduct had occurred."  (Doc. 32 pp. 10:26 - 11:2.)  With regards to

19   2 and 3 above, the Court demanded specific facts supporting the application of the alter

20   ego doctrine.  The Plaintiffs failed to follow all of the Court's instructions; and thus, this

21   motion to dismiss should be granted.  Additionally, the Plaintiffs' Second Amended

22   Complaint fails to state a claim upon which relief can be granted because it incorporates

1   by reference exhibits, but there are no exhibits attached.  Finally, the Court should not

2   permit the Plaintiffs any opportunities to cure pleading deficiencies because numerous

3   and detail filled opportunities have already been granted.

4          A.     Plaintiffs fail to cure the deficiency as to the statute of limitations by
                  failing to allege a date on which the conduct occurred, or the date on
5                 which the conduct was discovered.

6          Defendants have asserted and continue to assert that Plaintiffs fail to state a claim

7   upon which relief can be granted because their claims violate the statute of limitations.

8   The Court agreed with Defendants and, as mentioned above, gave the Plaintiffs the

9   opportunity to cure the deficiency.  Plaintiffs wasted this opportunity and still do not

10  state when the conduct that gave rise to action occurred or, alternatively, when the

11  conduct giving rise to the action was discovered.  The Court specifically instructed the

12  Plaintiffs to resolve this deficiency and they have not.  As such, the Plaintiffs' right to

13  relief is not raised "above the speculative level"; and therefore, the motion to dismiss

14  should be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

15         B.     Plaintiffs fail to set forth specific facts that would be sufficient to
                  state a claim for breach of contract, based on alter ego liability
16                against the Business Entity Defendants or the Individual Defendants.

17         The Court correctly pointed out in the Order Granting Leave to Amend that

18  Plaintiffs needed to assert specific facts supporting the application of the theory of alter

19  ego.  The Court also stated that conclusory statements were insufficient and that isolated

20  occurrences of the alter ego factors is not enough to justify an alter ego theory.

21         Defendants' review of the Plaintiffs' Second Amended Complaint has revealed

22  no specific facts, by which breach of contract could be asserted and maintained, based

6

1  on alter ego.  The Plaintiffs continue to, as they had done in the Original Complaint, the

2  First Amended Complaint, and the Proposed Second Amended Complaint, make

3  conclusory statements that do not satisfy Rule 8(a)'s standard.  Stating that Defendants

4  "systematically abused the corporate privilege," or that Defendants "have misused their

5  absolute control," or that certain Defendants have been involved in previous civil

6  litigation amounts to mere conclusory statements and not specific facts—and at best are

7  nothing more than isolated incidents of the alter ego factors.

8       Plaintiffs argues essentially that because the officers and directors controlled the

9  corporation, and allegedly received some personal benefits (an accusation disputed by

10  the Defendants), they are therefore necessarily the alter ego of the corporation.  This

11  would mean, if the Court accepted this argument, that EVERY officer and director of

12  EVERY corporation would be the alter ego of the corporation.  This is not the law.

13       The Plaintiffs fail to assert sufficient specific facts giving rise to a claim of

14  breach of contract, based on alter ego, by showing that the Defendants were the alter

15  ego of the corporation.  Rather, they have shown a few instances of alter ego factors

16  present in almost every corporation.

17       The Court should grant this motion to dismiss.

18       C.       The Plaintiffs' Second Amended Complaint makes allegations based
                  on exhibits, but no exhibits are attached thereto.

19

20       Furthermore, Plaintiffs make allegations and incorporate by reference exhibits

     that allegedly support those allegations.  However, there are no exhibits attached to the
21
     Plaintiffs' Second Amended Complaint.  Perhaps Plaintiffs assume that the previous
22

7

1    inclusion of certain exhibits in other pleadings is sufficient.  However, as the Court

2    pointed out in its July 12, 2013 order:

3          Upon filing, an amended complaint supersedes the original complaint in
            its entirety. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th
4          Cir.1997) ("[T]he amended complaint supersedes the original, the latter
            being treated thereafter as non-existent.") (quotation omitted).    After
5          amendment, the original complaint is considered non-existent. *Ferdik v.
            Bonzalet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
6
     (Doc. 18 p. 2:9-13.)
7
           Thus, the Court should grant Defendants' motion to dismiss because Plaintiffs
8
     relay heavily on "non-existent" assertions of fact as there are no exhibits attached.
9
           D.    <u>The Court should not grant Plaintiffs another opportunity to amend
10                its deficient pleading.</u>

11
           The Court cited in its Order Granting Leave to Amend the case of *Foman v.*
12
     *Davis*, 371 U.S. 178 (1962), stating that "futility" is a reason that a court in its discretion
13
     should not permit an amended complaint.  (Doc. 32 p. 4:1-2.)  The *Foman* Court also
14
     listed a number of other reasons for which an amended complaint should not be
15
     permitted.  Among those is a "repeated failure to cure deficiencies by amendments
16
     previously allowed . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).
17
           In *Foman*, the movant had only amended one time.  The Court made a point of
18
     citing Rule 1, stating, "The Rules themselves provide that they are to be construed "to
19
     secure the just, speedy, and **<u>inexpensive</u>** determination of every action." *Id.* (emphasis
20
     added).   Allowing the Plaintiff multiple opportunities to "cure deficiencies" because of
21
     "repeated failure[s]" is not within the just, speedy and inexpensive requirement of Rule
22


8

1   1.  *Id.*  Therefore, this Court has permitted previous amendments, and deficiencies

2   remain, so this Court should not permit further amendments.  *Id.*  Thus, the Court

3   should grant this motion to dismiss and not allow any more opportunities to remedy

4   deficient pleadings and put Defendants to the unfair task and expense of answering yet

5   another pleading.

6            Furthermore, this Court cited in the Order Granting Leave to Amend the case of

7   *Waters v. Young*, 100 F.3d 1437 (9th Cir. 1996).  Therein, the *Waters* Court states, "As

8   a general matter, this court has long sought to ensure that pro se litigants do not

9   unwittingly fall victim to procedural requirements . . . ."  *Waters v. Young*, 100 F.3d

10  1437, 1441 (9th Cir. 1996).  Hence, in the case at hand, the Court understandably

11  granted Plaintiffs an opportunity to amend their deficient complaint.  However, the

12  *Waters* Court emphasized in that same sentence that guiding pro se litigants should not

13  go beyond "*some assistance* from the court."  *Id.*

14           This Court has provided Plaintiffs with far more than merely "some

15  assistance"—the Court told the Plaintiffs exactly what it needed to do to cure the

16  deficiencies; yet deficiencies remain.  *Id*.  Here, the motion to dismiss should be granted

17  because anymore assistance from the Court would exceed the assistance allowed.  In

18  fact, a close reading of *Waters* reveals that the Ninth Circuit discouraged too much

19  "prompt[ing] by the district court."  *Id.* at 1339.  In *Waters*, for example, on two

20  separate occasions, the district court prompted the Defendant to move for judgment as a

21  matter of law pursuant to Rule 50.  Although the assistance was provided to counsel in

22

9

1    this instance, the Circuit Court emphasized that court assistance in light of deficient

2    legal representation, whether represented or pro se, should be limited.

3         V.    Conclusion

4         For all of the foregoing reasons, the Defendants respectfully request that the

5    Court grant this Motion and dismiss Plaintiffs' Second Amended Complaint in its

6    entirety.

7         Respectfully submitted March 10, 2014.

8

9                                    Goodman Law PLLC

10

11                                   By */s/ Jeremy M. Goodman—025859*
                                         Jeremy M. Goodman
12                                       Ted F. Stokes
                                         Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

10

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2014, I served the attached document by First Class United States Mail, postage prepaid, and by electronic mail, upon the following who are not registered participants of the CM/ECF System:

Terrance J. Cornelis
Yvonne Cornelis
3408 Clarks Creek Road
Banner Elk, NC  28604
tcornelis@aol.com
ycornelis@aol.com

By */s/ Jeremy M. Goodman—025859*
        Jeremy M. Goodman

11